NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
BRITTNEY M. HARRIS (Cal. Bar No. 294650)
CHELSEA NORELL (Cal. Bar No. 280831)
Assistant United States Attorneys
International Narcotics, Money Laundering,
and Racketeering Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0488/2624
     Facsimile: (213) 894-0141
     E-mail:    Brittney.Harris@usdoj.gov
                Chelsea.Norell@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　　　v.<br><br>EDWARD BUCK,<br><br>　　　　　Defendant. | CR No. 19-00595-CAS<br><br>STIPULATION REGARDING REQUEST FOR <u>(1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT</u><br><br>**CURRENT TRIAL DATE:**　11/26/19<br>**PROPOSED TRIAL DATE:**　08/04/20 |

　　　Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Brittney M. Harris and Chelsea Norell, and defendant Edward Buck ("defendant"), both individually and by and through his counsel of record, Deputy Federal Public Defender Claire Simonich, hereby stipulate as follows:

　　　1.　A criminal complaint was filed in this case was filed on September 18, 2019.  Defendant first appeared before a judicial officer of the court in which the charges in this case were pending

on September 19, 2019.  An indictment was filed on October 2, 2019.  The post-indictment arraignment was held on October 10, 2019.  The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before December 11, 2019.

    2.   On October 10, 2019, the Court set a trial date of November 26, 2019, at 9:30 a.m., and a status conference/motions hearing on November 4, 2019, at 1:30 p.m.

    3.   Defendant is detained pending trial.  The parties estimate that the trial in this matter will last approximately ten days.

    4.   By this stipulation, defendant moves to continue the trial date to August 4, 2020, at 9:30 a.m., and the status conference/motion hearing to July 13, 2020, at 1:30 p.m.  The parties propose the following deadlines for all motions regarding trial matters, including motions in limine, Fed. R. Evid. 404(b) motions, and <u>Daubert</u> motions: deadline to file any such motions – June 15, 2020; deadline to oppose any such motions – June 29, 2020; deadline to reply to any such motions – July 6, 2020; hearing for any such motions: July 13, 2020 at 1:30 p.m.  This is the first request for a continuance.

    5.   Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

        a.   Defendant is charged with two violations of 21 U.S.C. §§ 841(a)(1), (b)(1)(C): Distribution of Methamphetamine Resulting in Death, and three violations of 21 U.S.C. §§ 841(a)(1), (b)(1)(C): Distribution of Methamphetamine.  On October 10, 2019, defense counsel requested discovery.  The government is currently in the process of producing discovery, which is voluminous and a large

portion of it must be produced under a protective order because it contains sensitive information, including medical information, of victims. The government estimates that the discovery in this case exceeds three terabytes.

      b. Due to the nature of the prosecution, including the charges in the indictment and the voluminous discovery involved in the case, this case is so unusual and so complex that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the Speedy Trial Act time limits.

      c. Defense counsel is presently scheduled to be in the following trials:

         i. <u>United States v. Jose Apolonio Cruz</u>, CR 19-534-PA, a single-defendant illegal reentry case set for trial on November 5, 2019;

         ii. <u>United States v. Jose Torres</u>, CR 17-582-ODW, a single-defendant coral exportation case set for trial on November 11, 2019;

         iii. <u>United States v. Karla Garcia Ibarra</u>, CR 19-231-FMO, a multi-defendant drug distribution case set for trial on November 12, 2019;

         iv. <u>United States v. Stephen Croft</u>, CR 16-159-MWF, a single-defendant mail theft case set for trial on November 19, 2019;

         v. <u>United States v. Dominique Nicholson</u>, MJ 19-3828, a multi-defendant gun distribution case set for trial on December 10, 2019;

         vi. <u>United States v. John Villa</u>, CR 19-222-GW, a single-defendant tax fraud case set for trial on December 17, 2019 (there is a stipulation pending to February 11, 2020);

       vii. <u>United States v. Laura Ochoa</u>, CR 19-202-DMG, a single-defendant drug distribution case set for trial on January 13, 2020;

       viii.   <u>United States v. James Islas</u>, CR 19-389-DSF, a single-defendant child pornography case set for trial on January 28, 2020;

       ix.   <u>United States v. Edwin Oliva</u>, CR 19-161-AB, a single-defendant fentanyl resulting in death case set for trial on January 28, 2020;

       x.   <u>United States v. Melton Young</u>, CR 18-754-VAP, a single-defendant social security fraud case set for trial on April 14, 2020; and

       xi.   <u>United States v. James Williams</u>, CR 19-427-FMO, a multi-defendant drug distribution case set for trial on April 28, 2020.

    d.   Accordingly, counsel represents that she will not have the time that she believes is necessary to prepare to try this case on the current trial date.

    e.   In light of the foregoing, counsel for defendant also represents that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Defense counsel represents that failure to grant the continuance would deny her reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

    f. Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

    g. The government does not object to the continuance.

    h. The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

  6. For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of the date that the Court issues the corresponding order to August 4, 2020, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii) and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; (iii) the case is so unusual and so complex, due to the nature of the prosecution and the voluminous discovery, that it is unreasonable to expect preparation for pre-trial proceedings or for the trial itself within the time limits established by the Speedy Trial Act; and (iv) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary

for effective preparation, taking into account the exercise of due diligence.

    7.   Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

    IT IS SO STIPULATED.

Dated: October 24, 2019        Respectfully submitted,

NICOLA T. HANNA
United States Attorney

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

      /s/ Brittney M. Harris
BRITTNEY M. HARRIS
CHELSEA NORELL
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

    I am Edward Buck's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up

//
//
//

6

the right to be brought to trial earlier than August 4, 2020 is an informed and voluntary one.

_____  10/24/19
CLAIRE SIMONICH                 Date
Deputy Federal Public Defender
Attorney for Defendant
EDWARD BUCK

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than August 4, 2020.

_____  October 24, 2019
EDWARD BUCK                     Date
Defendant

7