NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
CHELSEA NORELL (Cal Bar. No. 280831)
BRITTNEY M. HARRIS (Cal. Bar No. 294650)
Assistant United States Attorneys
International Narcotics, Money Laundering,
and Racketeering Section
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2624/0488
    Facsimile: (213) 894-0141
    E-mail:   Chelsea.norell@usdoj.gov
              Brittney.Harris@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>EDWARD BUCK,<br><br>    Defendant. | No. CR 19-595-CAS<br><br>STIPULATION AND JOINT REQUEST FOR A PROTECTIVE ORDER REGARDING DISCOVERY CONTAINING PERSONAL IDENTIFYING INFORMATION<br><br>PROPOSED ORDER FILED SEPARATELY |

Plaintiff, United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Chelsea Norell and Brittney Harris, and defendant Edward Buck ("defendant"), by and through his counsel of record, Deputy Federal Public Defender Claire Simonich (collectively the "parties"), for the reasons set forth below, hereby stipulate, agree, and request that the Court enter a protective order in this case restricting the use and dissemination of personal identifying information of real persons pursuant to

Federal Rule of Criminal Procedure Rule 16(d)(1), as set forth below.

1. On October 2, 2019, the grand jury returned an indictment against defendant in <u>United States v. Edward Buck</u>, 19-CR-595-CAS. Defendant is charged with violations of 21 U.S.C. §§ 841(a)(1), (b)(1)(C): Distribution of Controlled Substances Resulting in Death; and 21 U.S.C. §§ 841(a)(1), (b)(1)(C): Distribution of Controlled Substances.  Defendant is detained pending trial.

2. As part of its investigation in the above-captioned case, the government is in possession of documents related to the charges against defendant, and seeks to provide those documents to counsel for defendant (although some of the materials may exceed the scope of the government's discovery obligations).

3. The government intends to produce to the "defense team" (defined below) materials related to personal identifying information of victims and third parties, including, among other things, personal names, addresses, Social Security numbers, and bank account numbers, and medical or health information of victims and third parties.  The purpose of the proposed protective order is to prevent the unauthorized dissemination, distribution, or use of materials containing the personal identifying information and medical information of others.  The government believes that if this information is disclosed to defendant without limitation, it will risk the privacy and security of the information's legitimate owners.  The medical information contained in the discovery may also be subject to various federal laws protecting the privacy of medical records, including provisions of the Privacy Act, 5 U.S.C. § 552a; provisions of 45 C.F.R. §§ 164.102-164.534; and/or provisions of 42

U.S.C. § 1306. Moreover, crime victims have statutory rights, including the right to be reasonably protected from the accused and the right to be treated with fairness and with respect for the victims' dignity and privacy pursuant to 18 U.S.C. §§ 3771(a)(1), (8). Because the government has an ongoing obligation to protect the victims' and third parties' personal identifying information and medical information, the government believes that it cannot produce to defendant an unredacted set of discovery containing this information without the Court entering the Protective Order.

4. Personal identifying information and medical information makes up a significant part of the discovery in this case and such information itself, in many instances, has evidentiary value. If the government were to attempt to redact all this information in a manner consistent with Federal Rule of Criminal Procedure 49.1, the Central District of California's Local Rules regarding redaction, and the Privacy Policy of the United States Judicial Conference, the defense would receive a set of discovery that would be highly confusing and difficult to understand, and defense counsel would not be able to adequately evaluate the case, advise his client, or prepare for trial.

5. The parties recognize that the materials containing personal identifying information that the government produces to the defense pursuant to the proposed protective order are solely for the use of defendant, his attorneys, or other individuals or entities acting within the attorney-client relationship to prepare for the trial in this case.

6. Accordingly, the parties jointly request a protective order that will permit the government to produce discovery that is

unredacted, but preserves the privacy and security of victims and third parties while placing limitations on defendant's access to the discovery without the defense team present.

    7. The parties agree that the following conditions, if ordered by the Court in the proposed protective order (the "Protective Order"), will serve the government's interest in maintaining the privacy and security of victims and third parties, while permitting the defense to understand the government's evidence against this defendant:

        a. For purposes of the Protective Order, the term "Personal Identifying Information" ("PII") includes any information that can be used to identify a person, including name, address, date of birth, Social Security number, driver's license number, telephone number, account number, or personal identification number. The term "medical information" includes any individually identifiable health information that is connected to a patient's name, address, or other identifying number, such as a social security number or Medi-Cal number. The term "Protected Information" refers to materials containing PII and/or medical information that the government produces to the defense pursuant to the Protective Order.

        b. For purposes of the Protective Order, the term "defense team" refers to (1) defendant's counsel of record, (2) other attorneys at defense counsel's law firm who may be consulted regarding case strategy in the above-captioned matter, (3) defense investigators who are assisting defense counsel with this case, (4) retained experts or potential experts, and (5) paralegals, legal assistants, and other support staff to defendant's counsel of record providing assistance on this case --

all of whom have been advised of their obligations under the Protective Order and have affirmed to defendant's counsel of record that they agree to be bound by the terms of the Protective Order. The term "defense team" does not include defendant, his family members, or any other associates of defendant.

   c. Defendant's counsel of record agrees to advise all members of the defense team of their obligations under the Protective Order and ensure their agreement to follow the Protective Order, prior to providing members of the defense team with access to any materials subject to the Protective Order.

   d. The government is authorized to provide defendant's counsel of record with Protected Information marked with the following legend: "CONTENTS SUBJECT TO PROTECTIVE ORDER." If defendant objects to any such designation, he may do so by application to the Court upon duly noticed motion, following meeting and conferring with the government regarding the objection.

   e. Defendant may review Protected Information in this case only in the presence of a member of the defense team, and his counsel of record shall ensure that defendant is never left alone with any discovery subject to the Protective Order. Defendant may see and review Protected Information in the presence of a member of the defense team, but defendant may not copy, keep, maintain, or otherwise possess any of such Protected Information in this case at any time. Defendant must return any Protected Information to the defense team at the conclusion of any meeting at which defendant is permitted to view the Protected Information. Defendant may not take any Protected Information out of the room in which he is meeting with the defense team. Defendant may not write down or memorialize

any PII or medical information contained in the Protected Information. At the conclusion of any meeting with defendant, the member of the defense team present shall take with him or her all Protected Information. At no time, under no circumstance, will any Protected Information be left in the possession, custody, or control of defendant, whether he is incarcerated or not.

   f. The defense team shall not permit anyone other than the defense team to have possession of Protected Information, including defendant himself.

   g. The defense team shall access and use Protected Information for the sole purpose of preparing for trial or any related proceedings in this case. The defense team may review Protected Information with a witness or potential witness in this case, including defendant. Before being shown any portion of Protected Information, however, any witness or potential witness must be informed of, and agree in writing to be bound by, the requirements of the Protective Order. No witness or potential witness may retain Protected Information, or any copy thereof, after his or her review of those materials with the defense team is complete.

   h. The defense team shall maintain Protected Information safely and securely, and shall exercise reasonable care in ensuring the confidentiality of those materials by (1) not permitting anyone other than defense team members and defendant as restricted above to see Protected Information, (2) not divulging to anyone the contents of Protected Information, except in conformity with this agreement, and (3) not permitting Protected Information to be outside the defense team's offices, homes, vehicles, or personal presence.

    i. To the extent that notes are made that memorialize, in whole or in part, the PII and/or medical information in any Protected Information, or to the extent that copies are made for authorized use by members of the defense team, such notes, copies, or reproductions become Protected Information subject to the Protective Order and must be handled in accordance with the terms of the Protective Order.

    j. The defense team shall use Protected Information and materials otherwise identified as containing PII and/or medical information only for the litigation of this matter and for no other purpose.  Litigation of this matter includes any appeal filed by defendant and any motion filed by defendant pursuant to 28 U.S.C. § 2255.  In the event that a party needs to file Protected Information or materials otherwise identified as containing PII and/or medical information with the Court or divulge the contents of such materials in court filings, the filing should be made under seal.  If the Court rejects the request to file such information under seal, the party seeking to file such information shall provide advance written notice to the other party to afford such party an opportunity to object or otherwise respond to such intention.  If the other party does not object to the proposed filing, the party seeking to file such information shall redact the PII and medical information and make all reasonable attempts to limit the divulging of PII and medical information.

    k. The parties also agree that any PII and medical information produced in the course of discovery in the above-captioned matter prior to the date of the Protective Order shall be subject to the terms of the Protective Order.

7

l.  Upon the final disposition of this case, any Protected Information and materials otherwise identified as containing PII and/or medical information shall not be used, in any way, in any other matter, absent a court order.  All materials designated subject to the Protective Order maintained in the defense team's files shall remain subject to the Protective Order unless and until such order is modified by court order.  Upon the request of the government and at the conclusion of appellate and post-conviction proceedings, the defense team shall return Protected Information and materials otherwise identified as containing PII and/or medical information to the government, certify that such materials have been destroyed, or certify that such materials are being kept pursuant to the Business and Professions Code and the Rules of Professional Conduct.

m.  In the event that there is a substitution of counsel prior to when such documents must be returned, new defense counsel must join this Protective Order before any Protected Information or materials otherwise identified as containing PII and/or medical information may be transferred from the undersigned defense counsel to the new defense counsel, who then will become the defense team's custodian of materials designated subject to the Protective Order and who shall then become responsible, upon the conclusion of appellate and post-conviction proceedings, for returning to the government, certifying the destruction of, or retaining pursuant to the Business and Professions Code and the Rules of Professional Conduct all Protected Information and materials otherwise identified as containing PII and/or medical information.

n. Subject to subparagraph k above, the government may produce Protected Information only after the Court issues the Protective Order.

8. Defense counsel has conferred with defendant regarding this stipulation and the proposed order thereon, and defendant agrees to the terms of the proposed order.

9. Accordingly, the parties have agreed to request that the Court enter a protective order in the form submitted herewith.

IT IS SO STIPULATED.

DATED: October 24, 2019

NICOLA T. HANNA
United States Attorney

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

/s/ *signature*

CHELSEA NORELL
BRITTNEY M. HARRIS
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

DATED: 10/24/19

/s/ *signature*

CLAIRE SIMONICH
Deputy Federal Public Defender
Attorney for Defendant
EDWARD BUCK

9