1  CHRISTOPHER DARDEN, Bar No. 094959
   DARDEN LAW GROUP, APC
2  11500 W. Olympic Boulevard
   Suite 400
3  Los Angeles, California 90064
   Telephone: (310) 654-3369
4  Facsimile: (310) 568-1806
   Email: Christopherdardenlaw@gmail.com
5

6  LUDLOW B. CREARY II (Bar No. 193793)
   The Law Offices of Ludlow B. Creary II
7  555 W. 5th Street, Floor 35
   Los Angeles, California 90013
8  Telephone: (323) 305-4849
   Facsimile: (323) 430-8788
9  Email: Lbc2@LbcLawexperts.com

10

11  Attorneys for Defendant
    Edward Buck

12                    UNITED STATES DISTRICT COURT

13                   CENTRAL DISTRICT OF CALIFORNIA

14

15

| UNITED STATES OF AMERICA, | Case No. 2:19-cr-00595-CAS-1 |
|---|---|
| Plaintiff, | DEFENDANT EDWARD BUCK'S MOTION IN LIMINE #2 TO PRECLUDE EVIDENCE OF GEMMEL MOORE'S PRIOR OUT OF COURT STATEMENTS MADE TO HIS AUNT GINA LIVINGS |
| v. | |
| EDWARD BUCK, | |
| Defendant. | |

Defendant, by and through his attorney of record, Christopher A. Darden, hereby moves this Honorable Court to exclude statements Gemmel Moore, the alleged victim in Count 1 of the First Superseding indictment, made to his aunt, Gena Livings, because these statements are not relevant and because the statements

are inadmissible hearsay.  Ms. Livings told Sheriff's detectives about the statements on August 21, 2017. [Discovery page 0004151.]

This motion is based upon the attached Memorandum of Points and Authorities, declaration of counsel, all files and records in this case, and any further evidence as may be adduced at the hearing on this motion.

Respectfully submitted,

DATED:   November 20, 2020

                                      DARDENLAWGROUP, APC.

By: *Christopher A. Darden*
         Christopher A. Darden, Esq.
         Attorneys for Defendant

## STATEMENT OF FACTS

Defendant Edward Buck is charged in the First Superseding Indictment with nine violations of federal criminal statutes.

Count 1 alleges that on July 27, 2017, Mr. Buck distributed methamphetamine to Gemmel Moore whose death and serious bodily injury resulted from the use of such substance, in violation of 21 U.SC. sec. 841(a)(1), (b) (1) (c ).

Count 2 of the First Superseding Indictment alleges that on January 7, 2019, Mr. Buck distributed methamphetamine to Timothy Dean whose death and serious bodily injury resulted from the use of such substance in violation of  section 21 U.SC. sec. 841(a)(1), (b) (1) (c ).

Count 3 of the First Superseding Indictment alleges that on May 15, 2018, Mr. Buck distributed methamphetamine at his residence to C.S., in violation of section 21 U.SC. sec. 841(a)(1), (b) (1) (c ).

Count 4 of the First Superseding Indictment alleges that on September 22, 2018, Mr. Buck distributed methamphetamine to J.G., in violation of section 21 U.SC. sec. 841(a)(1), (b) (1) (c ).

Count 5 of the First Superseding Indictment alleges that on December 2, 2018, Mr. Buck distributed methamphetamine to C.H., in violation of section 21 U.SC. sec. 841(a)(1), (b) (1) (c).

Count 6 of the First Superseding Indictment alleges that on September 4, 2019, while at his residence Mr. Buck distributed methamphetamine to D.B. in violation of section 21 U.SC. sec. 841(a)(1), (b) (1) (c ).

Count 7 of  the First Superseding Indictment alleges that between January 2011 and September 17, 2019 Mr. Buck rented a residence and used and maintained a place for the purpose of distributing and using and distributing GHB, methamphetamine and clonazepam in violation section 21 U.SC. sec. 856(a)(1).

1    Count 8 of the First Superseding Indictment alleges that on July 27, 2017, Mr. Buck persuaded, induced, and enticed Gemmel Moore to travel in interstate commerce to Los Angeles to engage in prostitution in violation of section 18 U.SC. sec. 2422(a).

Count 9 of the First Superseding Indictment alleges that on September 22, 2018, Mr. Buck persuaded, induced, and enticed Gemmel Moore to travel in interstate commerce to Los Angeles to engage in prostitution in violation of section 18 U.SC. sec. 2422(a).

On July 27, 2017, Gemmel Moore, who was in a dating relationship with Mr. Buck, died. According to Los Angeles County Deputy Medical Examiner Young, Mr. Moore's death was ascribed to "Methamphetamine Use."

Mr. Moore's aunt, Gena Livings, was interviewed by Los Angeles County Homicide detectives on August 21, 2017. In the interview Ms. Livings told police the following, in summary:

1. At the end of April 2017, around the time he moved back to Texas, Mr. Moore talked to his aunt, Ms. Livings, about Ed Buck. Mr. Moore allegedly told Ms. Livings that Mr. Buck used to inject him (Moore) with drugs and give him money. Mr. Moore did not say which drug. Mr. Moore said Mr. Buck would do terrible things to him. Ms. Livings showed Mr. Moore a photo of Ed Buck by accessing the internet. According to Ms. Livings, Ms. Moore identified the photograph of someone who is purportedly Ed Buck. Mr. Moore allegedly seemed scared and told Ms. Livings not to tell anyone.

On the Saturday before his death Mr. Moore and Ms. Livings spoke to one another. Ms. Livings told Mr. Moore not to return to California. Mr. Moore responded that he wanted to return to California to take care of some business, to find a place to live and to get himself situated.

## II. ARGUMENT

Mr. Buck objects to the introduction of the aforementioned statement on hearsay grounds. Hearsay is not admissible in federally criminal trials except as provided by these rules . . . ." (F.R.E. sec. 802.) Hearsay is an out of court statement offered at trial for the truth of the matter stated or asserted. Here, Ms. Livings states Mr. Moore told her Mr. Buck did "horrible things to him", would inject him with drugs and give him money. Here, the only purpose in offering such a statement is to assert that Mr. Buck did "horrible things" Mr. Moore, would inject him with drugs and give him money. The statement is offered for the truth of the matter stated and is clearly hearsay. There is no exception to the hearsay rule that cause the court to admit these out of court statements describing what Mr. Buck allegedly in the past. Therefore, the statement is hearsay, inadmissible, and should be precluded at trial.

The probative value of this statement or testimony is outweighed by the prejudice it will inflict upon Mr. Buck.

The statement should also be excluded because it lacks trustworthiness. What is the likelihood? Seriously? That auntie Gena retrieved a photograph of Mr. Buck from the internet and conducted a single person show-up of Mr. Buck with her nephew? It's incredulous. It reeks of a set up. It just does not pass the smell test. We know that prior to speaking to police Ms. Livings and Ms. Nixon had spoken to a Black Lives Matter operative who had taken it upon herself to cast Mr. Buck as an evil racist opportunist who preyed upon grown men. This operative claims to have circulated a petition demanding that Mr. Buck be arrested and prosecuted in the deaths of Mr. Dean and Mr. Moore. This operative cast this case as a race case and led vigils and protests at Mr. Buck's home for several months. This same race baiting operative helped arrange for leniency and immunity agreements for various witnesses and victims in this case. This is the same

operative that led the victims and the victims' families to a single team of lawyers so that they might file civil lawsuits for monetary damages against Mr. Moore.

Ms. Livings and Ms. Nixon may have been primed by this operative prior to speaking to police.

Nonetheless, we cannot stand by and allow these witnesses to provide this hearsay testimony without challenging not only what they say, but by also delving into the witness' potential for bias. Thus, the examination of Ms. Living's testimony may consume an undue amount of the court's time.

### III. CONCLUSION

Based on the foregoing, we respectfully request the court preclude the government from introducing the statements Ms. Livings claims her nephew Gemmel Moore made to her during the days preceding his death.

DATED: November 20, 2020

          DARDENLAWGROUP, APC.

          *Christopher A. Darden*

      By:_____

        CHRISTOPHER A. DARDEN, ESQ.

-6-

**CERTIFICATE OF SERVICE**

**Case No** 2:19-cr-00595-CAS-1

**Case Name: USA v. Edward Buck**

I hereby certify that on November 20, 2020, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

MOTION IN LIMINE #2: TO PRECLUDE EVIDENCE OF GEMMEL MOORE'S PRIOR OUT OF COURT STATEMENTS MADE TO HIS AUNT GINA LIVINGS

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on November 20, 2020, at Los Angeles, California.

| K. Martin | /s/ |
|---|---|
| Declarant | K. Martin |