1  TRACY L. WILKISON
   Acting United States Attorney
2  BRANDON D. FOX
   Assistant United States Attorney
3  Chief, Criminal Division
   CHELSEA NORELL (Cal. Bar No. 280831)
4  LINDSAY BAILEY (Cal Bar. No. 285047)
   Assistant United States Attorneys
5  Violent and Organized Crime/International
   Narcotics, Money Laundering, and Racketeering
6  Sections
        1400 United States Courthouse
7       312 North Spring Street
        Los Angeles, California 90012
8       Telephone: (213) 894-2624/6875
        Facsimile: (213) 894-0141
9       E-mail:    chelsea.norell@usdoj.gov
                   lindsay.bailey@usdoj.gov
10
   Attorneys for Plaintiff
11 UNITED STATES OF AMERICA

12                    UNITED STATES DISTRICT COURT

13            FOR THE CENTRAL DISTRICT OF CALIFORNIA

14 UNITED STATES OF AMERICA,          No. CR 19-595-CAS

15         Plaintiff,                 RESPONSE TO DEFENDANT'S ARGUMENT
                                      AND OBJECTIONS TO THE COURT'S
16           v.                       TENTANTIVE RULING ON MOTIONS IN
                                      LIMINE
17 EDWARD BUCK,
                                      Hearing Date: March 2, 2021
18         Defendant.                 Hearing Time: 10:00 a.m.
                                      Location:    Courtroom of the
19                                                 Hon. Christina A.
                                                   Snyder
20

21       Plaintiff United States of America, by and through its counsel

22 of record, the Acting United States Attorney for the Central District

23 of California and Assistant United States Attorneys Chelsea Norell

24 and Lindsay M. Bailey, hereby files its Response to Defendant's

25 Argument and Objections to the Court's Tentative Ruling on Motions in

26 Limine.

27 ///

28 ///

1    This Response is based upon the attached memorandum of points

2 and authorities, the files and records in this case, and such further

3 evidence and argument as the Court may permit.

4  Dated: March 9, 2021              Respectfully submitted,

5                                    TRACY L. WILKISON
                                     Acting United States Attorney
6
                                     BRANDON D. FOX
7                                    Assistant United States Attorney
                                     Chief, Criminal Division
8

9    _____
                                     CHELSEA NORELL
10                                   LINDSAY M. BAILEY
                                     Assistant United States Attorney
11
                                     Attorneys for Plaintiff
12                                   UNITED STATES OF AMERICA

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

1        **MEMORANDUM OF POINTS AND AUTHORITIES**

2        On March 2, 2021, this Court held a hearing on the parties'

3    motions in limine.  Due to technical difficulties, Mr. Darden was

4    unable to make oral argument on the government's Motion in Limine to

5    Exclude Prior Witness Convictions, Arrests, and Juvenile

6    Adjudications (Dkt. 48).  The Court therefore granted defense counsel

7    leave to file a supplemental brief "not to exceed two pages"

8    addressing defendant's arguments as to that motion.  Dkt. 113.  The

9    Court took all other motions under submission.  Dkt. 113.

10   Regardless, defendant filed a four-page motion addressing all motions

11   in limine in violation of the Court's Order.  The government

12   therefore objects to the Court's consideration of any argument beyond

13   government's motion in limine #1.[1]

14       The police reports and information provided by the government in

15   Appendix B demonstrate that convictions 17 and 18 for defendant D.N.

16   are more than 10 years old and therefore have limited probative

17   value.  Similarly, though we do not have release dates for

18   convictions 19 and 20, the fact that D.N. was subsequently convicted

19   of a misdemeanor in November of 2011 tends to suggest that D.N. was

20   released from custody prior to that point, making these convictions

21   more than 10 years old and thus of limited probative value.  Finally,

22   defendant seeks to admit these convictions not to demonstrate D.N.'s

23   character for truthfulness as permitted under FRE 609(a), but rather

24   to establish D.N.'s conformity with a character trait, which is

25   impermissible under FRE 404(a).

26

27       [1] Of note, defendant claims that the "government has yet to
     provide us with all of the necessary bench notes and raw data."  The
28   government produced this information on February 22, 2021, and has
     made the raw data available for inspection.