NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
CHELSEA NORELL (Cal. Bar No. 280831)
LINDSAY M. BAILEY (Cal. Bar No. 285047)
Assistant United States Attorneys
Violent and Organized Crime/International
Narcotics, Money Laundering, and Racketeering
Sections
    1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2624/6875
    Facsimile: (213) 894-0141
    E-mail:   chelsea.norell@usdoj.gov
              lindsay.bailey@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CR No. 19-00595-CAS |
|---|---|
| Plaintiff, | [~~PROPOSED~~] ORDER CONTINUING TRIAL DATE AND FINDINGS REGARDING EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| EDWARD BUCK, | |
| Defendant. | [~~PROPOSED~~] **TRIAL DATE: 07/13/21** |

    The Court has read and considered the Stipulation Regarding Request for (1) Continuance of Trial Date and (2) Findings of Excludable Time Periods Pursuant to Speedy Trial Act, filed by the parties in this matter on March 26, 2021 (the "Stipulation"). The Court hereby finds that the Stipulation, which this Court incorporates by reference into this Order, demonstrates facts that support a continuance of the trial date in this matter, and provides good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.

The Court further finds that:  (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence; and (iv) the case is so unusual and so complex, due to the nature of the prosecution and the voluminous discovery, that it is unreasonable to expect preparation for pre-trial proceedings or for the trial itself within the time limits established by the Speedy Trial Act.  These findings are based on the facts set forth in the parties' Stipulation, including but not limited to the facts related to the COVID-19 pandemic.

THEREFORE, FOR GOOD CAUSE SHOWN:

1.  The trial in this matter is continued from April 20, 2021, at 9:30 a.m., to July 13, 2021, at 9:30 a.m.. The final status conference is set for June 28, 2021, at 1:30 p.m.

2.  The time period of April 20, 2021, to July 13, 2021, inclusive, is excluded in computing the time within which the trial must commence, pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii), and (B)(iv), and pursuant to the ends-of-justice provision, 18 U.S.C. § 3161(h)(7)(A), due to the national emergency caused by the COVID-19 pandemic and the effects that it has on this case, as set forth in the Stipulation.

///

///

3. Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO ORDERED.

March 26, 2021
DATE

*Christina A. Snyder*
HONORABLE CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE

Presented by:

/s/ Lindsay M. Bailey
LINDSAY M. BAILEY
Assistant United States Attorneys