Mark J. Werksman, Esq. (State Bar No. 120767)
Elizabeth S. Little, Esq. (State Bar No. 307944)
WERKSMAN JACKSON & QUINN LLP
888 West Sixth Street, Fourth Floor
Los Angeles, California 90017
Telephone: (213) 688-0460
Facsimile: (213) 624-1942
Email: mwerksman@werksmanjackson.com

Attorneys for Defendant
EDWARD BUCK

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>EDWARD BUCK,<br><br>　　　　Defendant. | CASE NO. 19-CR-00595-CAS<br><br>**MOTION TO CONTINUE HEARING ON MOTION FOR JUDGMENT OF ACQUITTAL PURSUANT TO RULE 29**<br><br>Date:　　November 8, 2021<br>Time:　　1:30 p.m.<br>Courtroom: 8D |

　　　　Defendant Edward Buck, by and through his counsel of record, Werksman Jackson & Quinn LLP, hereby respectfully moves this Court for a continuance of the hearing on the Motion for Judgment of Acquittal Pursuant to Rule 29 in this matter from December 13, 2021 at 1:00 p.m. to February 28, 2022, at 1:30 p.m., or another date convenient to the Court and the parties to this action, because newly-retained defense counsel needs additional time to obtain and review the trial transcripts in this case. This application is timely made seven days before the day

1

set for the hearing on this request as required by Federal Rule of Criminal Procedure 47(c).

    This Motion is based upon this notice, the points and authorities served and field herewith, the supporting declaration of Mark J. Werksman, the documents previously filed in this case, and any further argument at the hearing on this matter.

Dated: November 1, 2021

Werksman Jackson & Quinn LLP

By: /s/ Mark J. Werksman

Mark J. Werksman
Elizabeth S. Little
Attorney for Defendant
Edward Buck

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant Edward Buck respectfully requests that the hearing on the Motion for Judgment of Acquittal Pursuant to Rule 29 ("Motion for Judgment of Acquittal") in this matter, which is currently set for December 13, 2021, at 1:00 p.m., be continued to February 28, 2022, at 1:30 p.m., because the court reporters in this case are experiencing significant delays in their ability to produce the trial transcripts in this case. As set forth in the accompanying declaration of Mark J. Werksman, at least one of the court reporters in this case has indicated that she cannot complete our request for transcripts until late November 2021, at the earliest. Our office did not represent Mr. Buck at the trial in this matter; and thus, defense counsel is not familiar with the facts of this case as adduced at trial. In order to effectively represent Mr. Buck at the hearing on the Motion for Judgment of Acquittal, the defense needs additional time to obtain the reporter's transcripts in this case; review said trial transcripts, which are voluminous as the trial spanned nine days; prepare any supplemental points and authorities as appropriate in support of the Motion for Judgment of Acquittal; and prepare for oral argument.

## II. STATEMENT OF FACTS

Following a nine-day trial, which concluded on July 30, 2021, Mr. Buck was found guilty of two counts of Distributing a Controlled Substance Resulting in Death in violation of 21 U.S.C. section 841(a)(1), (b)(1)(c) (Counts One and Two); four counts of Distributing a Controlled Substance in violation of 21 U.S.C. section 841(a)(1), (b)(1)(c) (Count Three through Six); a single count of Using and Maintaining a Residence for the Purpose of Distributing and Using a

Controlled Substance in violation of 21 U.S.C. section 856(a)(1) (Count Seven); and two counts of Persuading, Inducing, or Enticing a Person to Travel in Interstate Commerce to Engage in Prostitution in violation of 18 U.S.C. section 2422(a) (Counts Eight and Nine).

On August 3, 2021, Mr. Buck's prior counsel timely filed a Motion for Judgment of Acquittal in this case. (Dkt. 178.) The hearing on the Motion for Judgment of Acquittal was initially set to be heard on August 30, 2021, at 11:30 a.m., but was subsequently continued to October 18, 2021, at 11:30 a.m. (Dkts. 182, 184.) However, on September 23, 2021, Werksman Jackson & Quinn LLP, substituted in as counsel of record for Mr. Buck. (Dkt. 187.) By stipulation of the parties, this Court continued the hearing on the Motion for Judgment of Acquittal to December 13, 2021, at 1:00 p.m., in order to allow defense counsel additional time to review the trial transcripts and prepare for the hearing. (Dkt. 191.)

On October 19, 2021, Mr. Buck's newly-retained counsel ordered trial transcripts through PACER. (Dkt. 199.) Counsel has had significant correspondence with both of the court reporters responsible for producing the transcripts in this case, and both indicated that they are currently in trial and that meeting expedited deadlines for the production of transcripts would be extremely difficult. (Decl. of Mark J. Werksman at ¶¶6-8.) One of the court reporters, who is responsible for producing transcripts for days five through eight of the trial indicated that, regardless of whether counsel paid for expedited transcripts, she would not be able to produce them until late November 2021. (Decl. of Mark J. Werksman at ¶7.)

## III.
## ARGUMENT

"The decision to grant or deny a request for a continuance lies within the broad discretion of the district court and will not be disturbed on appeal absent

clear abuse of that discretion." <u>United States v. Flynt</u>, 756 F.2d 1352, 1358-59, amended on other grounds 764 F.2d 6756 (9th Cir. 1985). The district court should consider the following factors when determining whether to grant or deny a continuance: (1) the diligence of the requesting party to ready his defense prior to the date set for hearing; (2) how likely it is that the need for a continuance could be met if the continuance is granted; (3) the extent to which granting the continuance would inconvenience the Court and opposing party, including any witnesses; and (4) the extent to which the requesting party might suffer harm as a result of a denial of the request. <u>United States v. Kloehn</u>, 620 F.3d 1122, 1127 (9th Cir. 2010) (citing <u>Flynt</u>, supra, 756 F.2d at 1358-59.)

Good cause exists for a continuance of the hearing on the Motion for Judgment of Acquittal. First, defense counsel ordered the trial transcripts in this case on October 19, 2021, with the expectation that they could be produced on an expedited basis and defense counsel would have sufficient time to review the transcripts in advance of the hearing. Unfortunately, however, because both court reporters were engaged in trial (in one instance), the court reporter indicated that meeting the expedited deadline would be extremely difficult, (and in the other instance) the court reporter indicated that the expedited deadline could not be met. (Decl. of Mark J. Werksman, ¶¶6-8.) Thus, in spite of the fact that counsel requested reporter's transcripts in this case on October 19, 2021, the earliest defense counsel will have access to the trial transcripts in this case is late November 2021. If the transcripts are not completed and produced until November 2021, defense counsel will not have sufficient time to review the lengthy transcripts, file any supplemental briefing in support of the Motion for Judgment of Acquittal as appropriate, and prepare for the hearing. Second, if this Court grants Mr. Buck's request for a continuance, defense counsel will have adequate time to obtain the trial transcripts, familiarize themselves with the facts

of the case, file any necessary supplemental pleadings, and prepare for oral argument in this case. Thus, the need for a continuance (i.e. to provide newly-retained defense counsel sufficient time to prepare for the hearing) will be met if the request for a continuance is granted. Third, any inconvenience to the Court and opposing party will be minimal. There are no witnesses that will need to appear for purposes of argument on the Motion for Judgment of Acquittal. Fourth, a denial of Mr. Buck's request for a continuance would cause him to suffer extreme harm. Newly-retained counsel is completely unfamiliar with the facts of this case as they were adduced at trial.  Thus, defense counsel cannot effectively represent Mr. Buck at the hearing on the Motion for Judgment of Acquittal unless defense counsel has had sufficient time to review the trial transcripts in this case and prepare any supplemental briefing in support of the Motion for Judgment of Acquittal as appropriate.

## IV.
## CONCLUSION

For the foregoing reasons, Mr. Buck respectfully requests that this Court continue the hearing on the Motion for Judgment of Acquittal from December 13, 2021, at 1:00 p.m., to February 28, 2022, at 1:30 p.m., or another date convenient to the Court and the parties to this action

DATED: November 1, 2021				Respectfully submitted,

						WERKSMAN JACKSON
						& QUINN LLP

						/s/ Mark Werksman
						Mark J. Werksman
						Elizabeth S. Little
						Attorneys for Defendant
						Edward Buck

## DECLARATION OF MARK J. WERKSMAN

I, Mark J. Werksman, Esq., declare as follows:

1. I make this declaration from personal knowledge and if called as a witness I could and would competently testify to the facts set forth herein.

2. Mr. Buck was found guilty, following a nine-day jury trial, ending on July 30, 2021, of two counts of Distributing a Controlled Substance Resulting in Death in violation of 21 U.S.C. section 841(a)(1), (b)(1)(c) (Counts One and Two); four counts of Distributing a Controlled Substance in violation of 21 U.S.C. section 841(a)(1), (b)(1)(c) (Count Three through Six); a single count of Using and Maintaining a Residence for the Purpose of Distributing and Using a Controlled Substance in violation of 21 U.S.C. section 856(a)(1) (Count Seven); two counts of Persuading, Inducing, or Enticing a Person to Travel in Interstate Commerce to Engage in Prostitution in violation of 18 U.S.C. section 2422, subd. (a) (Counts Eight and Nine).

3. On August 3, 2021, Mr. Buck's prior counsel timely filed a Notice of Motion and Motion for Judgment of Acquittal Pursuant to Fed. R. of Crim. Pro 29(a) ("Rule 29 Motion").

4. On September 23, 2021, I substituted in as counsel of record for Mr. Buck.

5. On September 28, 2021, this Court continued the hearing on Defendant's Rule 29 Motion from October 18, 2021, at 11:30 a.m. to December 13, 2021 at 1:00 p.m., so that I could have sufficient time to review the trial transcripts, prepare any supplemental authorities in support of defendant's Rule 29 Motion, and prepare for oral argument.

6. Our office filed a request for trial transcripts in this case on October 19, 2021. I am informed and believe that there are two court reporters who are

responsible for preparing the reporter's transcripts in this case, Laura Elias (days 1-4, and 9) and Maria Bustillos (days 5-8). Both court reporters are in trial and, thus, are experiencing significant delays in their ability to prepare and produce trial transcripts in this case.

7. I am informed and believe that on October 21, 2021, my assistant Robert Pooley received an email response from Laura Elias regarding our request for trial transcripts. Ms. Elias indicated that regardless of whether we paid for an expedited transcript, she would not be able to produce the transcripts until late November 2021, at the earliest because she is currently in trial. To date, we are still waiting on a quote from Ms. Elias for the transcripts so that we can remit payment.

8. I am informed and believe that on October 19, 2021, we received an email response from Maria Bustillos regarding our request for reporter's transcripts of the proceedings in this case. She indicated that she was extremely busy and would have trouble meeting the expedited deadline we requested, but that she would contact me later with a quote for the transcripts. On October 26, 2021, Mr. Pooley spoke with Ms. Bustillos by phone, at which point she indicated that the time-limits for transcript production do not start until the invoice has been paid. She gave us the following quotes for the preparation of transcripts: (1) a one-week turnaround would be $7,477.80; (2) a two-week turnaround would be $6,912.60; (3) a three-week turnaround would be $6,180; and regular 30-day turnaround would be $5,438.40. Given Ms. Elias's representations that she could not produce the requested transcripts until late November 2021, at the earliest, our office sent payment to Ms. Bustos for a 30-day turnaround of her portions of the transcripts on October 28, 2021.

9. In order for me to effectively and competently represent Mr. Buck at the hearing on the Rule 29 Motion, I need time to review the trial transcripts in this

case, file any supplemental briefing in support of the Rule 29 motion that may be appropriate, and prepare for oral argument in this case.

10.  I did not represent Mr. Buck at the trial in this matter. Thus, I am unfamiliar with the facts of this case as they came out at trial and need sufficient time to review the trial transcripts in order to effectively represent Mr. Buck at the hearing on the Rule 29 Motion, which is, by necessity, a fact-intensive motion. Given that the court reporters in this case are experiencing significant delays in their ability to produce trial transcripts in this case, I am asking for a continuance of the hearing on the Rule 29 Motion so that I can have sufficient time to review the trial transcripts, prepare any supplemental briefing in support of the Rule 29 Motion that may be necessary and/or appropriate, and prepare for oral argument in this matter.

11.  On October 27, 2021, I emailed Assistant United States Attorneys Chelsea Norell and Lindsay Bailey to see if they would be willing to stipulate to a continuance of the hearing on the Rule 29 Motion. They have indicated that they object to a continuance of the hearing on the Rule 29 Motion.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on this __1__ day of November, 2021, in Los Angeles, CA:

_____
Mark J. Werksman, Esq.
Declarant