TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
CHELSEA NORELL (Cal. Bar No. 280831)
LINDSAY M. BAILEY (Cal. Bar No. 285047)
Assistant United States Attorney
Violent & Organized Crimes; and International Narcotics, Money Laundering, & Racketeering Sections
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2624/6875
    Facsimile: (213) 894-0141
    E-mail:    chelsea.norell@usdoj.gov
               lindsay.bailey@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> EDWARD BUCK, <br><br> Defendant. | No. CR 19-595-CAS <br><br> <u>OPPOSITION TO MOTION TO CONTINUE HEARING ON MOTION FOR JUDGMENT OF ACQUITTAL PURSUANT TO RULE 29</u> <br><br> Hearing Date: November 8, 2021 <br> Hearing Time: 11:30 a.m. <br> Location:   Courtroom of the Hon. Christina A. Snyder |

    Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Chelsea Norell and Lindsay Bailey, hereby files its Opposition to Defendant's Request for a Continuance of the Rule 29 Hearing.

    This Opposition is based upon the attached memorandum of points

//

//


and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: November 3, 2021

Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division


          /s/
CHELSEA NORELL
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## **MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

More than three months ago, defendant was convicted by a jury of drug distribution resulting in death, drug distribution, human trafficking, and maintaining a drug premises.  The Rule 29 motion was fully briefed in August, and at the initial motion hearing, the Court stated its tentative decision to deny the motion in light of the substantial evidence presented at trial.  The Court continued the hearing to October when defendant indicated that he needed more time to discuss the motion with counsel.  In September, defendant retained new counsel and the Court granted defendant's counsel another continuance of the hearing to December 13, 2021.  There is no basis for a further continuance.

As defendant's motion concedes, defendant will have the trial transcripts well in advance of the December 13, 2021 hearing.  He already has one day of trial testimony; he will have two more by November 22, 2021, and the remaining three by late November, which is at least 13 days before the December 13, 2021 hearing.  This is more than adequate time to review transcripts from seven days of testimony.  To the extent that defense counsel needs more preparation time, defendant can order expedited transcripts, and he will receive some of them by next week. Any inconvenience to counsel by having to prepare in a more compressed time frame is entirely a result of his decision to delay ordering the transcripts for 24 days after he entered the case.

There is no good cause for delaying the Rule 29 motion hearing to seven months after the jury verdict, particularly in light of the substantial victims' rights at issue, including the right against

unreasonable delay and timely restitution guaranteed under the Crime Victims' Rights Act.  The government and defendant's victims object to any further continuances.

Because defense counsel has ample time to prepare for the hearing as scheduled, and because the application is not supported by good cause, the continuance should be denied.  Alternatively, to avoid further delaying sentencing and restitution for the victims, the government respectfully requests that the Court set a consolidated judgment and sentencing hearing for February 28, 2022, the date proposed by defendant.

## II.   STATEMENT OF FACTS

Defendant was convicted of nine counts of drug distribution, human trafficking, and maintaining a drug premises, on July 27, 2021.  (Dkt. 176.)  Rule 29 requires a defendant to bring a motion for judgment of acquittal within 14 days of the verdicts.  Here, defendant filed his motion on August 3, 2021 (Dkt. 178), and the government timely opposed the motion on August 10, 2021 (Dkt. 181).

On August 30, 2021, the Court started to hold the Rule 29 motion hearing, but defendant indicated that he needed more time to review his motion with counsel.  (Dkt. 184.)  The parties and Court agreed that the hearing should be continued, and the Court continued the hearing to October 18, 2021.  (Id.)

By September 8, 2021, defendant had hired Mark Werksman of Werksman, Jackson, and Quinn LLP.  (See Dkt. 186 (showing that defendant signed the substitution of counsel form on September 8, 2021).)  On September 22, 2021, Mr. Werksman formally substituted in as counsel.  (Dkt. 186.)  The parties conferred two days later to discuss counsel's request for a continuance of the Rule 29 motion

hearing. (Norell Decl. ¶ 2.) The government agreed to defense counsel's request to move the hearing to December 13, 2021, giving defense counsel more than two months to prepare, but the government noted that it would oppose further continuances in light of the substantial victims' rights and public interests in having the case resolved without undue delay. (Id.)

Notwithstanding, defense counsel waited 24 days (until October 18) to place his first order of transcripts and 25 days (until October 19) to place his remaining order. (Dkt. 196, 199, 200.) The docket entries made clear, "preparation will not begin until payment has been satisfied" (e.g., Dkt. 196), but defense counsel waited another ten days, until October 28, 2021, to pay court reporter Maria Bustillos for the transcripts (Werksman Decl., Dkt. 203, ¶ 8). Ms. Bustillos gave defense counsel pricing options for obtaining the transcript in one week, two weeks, three weeks, or the regular 30-day turnaround. (Id.) Counsel opted for the slowest return, further compounding the delays he complains of to the Court. (Id.)[1]

On Saturday, October 30, 2021, Ms. Bustillos produced the transcript for trial day 5, just two days after Mr. Werksman paid her for the 30-day turnaround. (Dkt. 201.) Ms. Bustillos can produce the remaining transcripts in seven days if Mr. Werksman pays the difference between the regular rate and the expedited rate. (Norell Decl. ¶ 3.) Even if he does not, Ms. Bustillos will produce the remaining transcripts by November 22, 2021. (Id.) According to

---

[1] The fastest option – a one week turnaround – is about $2,039 more than the slowest option. Given that defendant had $3.4 million at the time of his arrest, based on the bank statements found in his apartment, counsel's choice cannot be explained by financial hardship.

3

defense counsel, Ms. Elias has indicated that her transcripts (the first week of trial) will be complete by late November, at least 13 days before the Rule 29 hearing. (Werksman Decl., Dkt. 203, ¶ 7.)[2]

## III. ARGUMENT

### A. There Is No Good Cause to Justify Another Continuance of this Hearing, Pushing Resolution of the Case to Seven Months After the Verdicts

When defense counsel entered the case, he secured a continuance that gave him more than two months to prepare for a hearing on the fully briefed Rule 29 motion. Under that schedule, counsel has ample time to prepare for the hearing, and further delay is not supported by good cause.

First, as defendant concedes, he will have all the transcripts at least 13 days before the hearing, which is sufficient time for Mr. Werksman and his team to review seven days of testimony. Counsel is currently awaiting transcripts for six days of testimony, three of which he will have by November 22, 2021 (days 6-8), and the remaining three he will have by "late November" (days 2-4). This is more than adequate time to prepare for the hearing, particularly in light of counsel's delay in ordering the transcripts and his decision not to expedite at least half of the transcripts.

Second, to the extent that counsel would have preferred more time, that is a problem entirely of his own making – not the hardworking court reporters on this case. Defense counsel created the delays he complains of by (1) waiting 24 days to order the trial transcripts, (2) waiting an additional 10 days to pay one of the

---

[2] Trial day one was exclusively jury selection and trial day nine was exclusively taking the verdict, so the dates covered by Ms. Elias relevant to defendant's motion are trial days 2, 3, and 4.

4

court reporters, knowing that she would not start preparing the transcripts until she was paid, and (3) failing to select any of the expediting options at a nominally higher price. Instead of timely ordering the transcripts or paying an expediting fee, counsel banked on the Court moving the date to accommodate his self-made delays. This, of course, is not good cause for a continuance.

Third, counsel's fabricated urgency does not override the victims' rights to a resolution without unreasonable delay and timely restitution guaranteed by the Crime Victims' Rights Act. 18 U.S.C. § 3771(a)(6), (7). Nor does it override the government's "significant interest in the finality of the verdict and in getting [defendant] sentenced." See generally United States v. Sabir, 628 F. Supp. 2d 414, 417 (S.D.N.Y. 2007) (motions under Rule 29 and 33 "untimely" because defendant did not file motions "until nearly three months after the verdict" and noting prejudice to the government due to the "likelihood of trial witnesses[] becoming unavailable"), aff'd in part sub nom. United States v. Farhane, 634 F.3d 127 (2d Cir. 2011).

Finally, briefing on the Rule 29 motion is complete and thus defense counsel's suggestion that he may need to "supplement" the record more than three months after the trial is not a basis for a continuance and should be rejected. See United States v. Campa, 459 F.3d 1121, 1154 (11th Cir. 2006) (affirming district court's declination to consider a "renewed" motion for a new trial, reasoning "[w]e will not permit . . . the defendant to take a second . . . 'bite at the apple'").

### B. Alternatively, the Court Should Set a Consolidated Hearing on Judgment and Sentencing

If the Court is inclined to continue the Rule 29 motion hearing, the government respectfully requests that the Court set defendant's sentencing for the same day, which will help ensure that defendant's delays in preparing for the hearing do not impair the rights of the victims in this case. Defendant's proposed hearing date – February 28, 2022 – is more than 16 weeks away, giving defendant and the Probation Office ample time to prepare for sentencing. Further, the Probation Office regularly prepares Presentence Investigation Reports before the Rule 29 motion is resolved, and courts often hold consolidated Rule 29 motion and sentencing hearings. See, e.g., United States v. Molina Flores, 13-CR-612-CAS (Probation Office prepared PSR for defendant Jackson prior to the Court's hearing on motion for judgment of acquittal, Dkts. 355, 369); United States v. Sylvia Olivas, 16-390(a)-DSF (holding the sentencing and judgment hearing on the same day, June 29, 2020, Dkt. 4094, 4095); United States v. Jose Loza, 16-390-VAP (holding the sentencing and judgment hearing on the same day, March 2, 2020, Dkt. 3911, 3921); United States v. Alexis Jaimez, 16-390-RGK (holding the sentencing and judgment hearing on the same day, July 15, 2019, Dkt. 3155).

The Court could also deny the Rule 29 motion on the papers, given that the evidence readily meets the low threshold of supporting the verdicts when viewed in the light most favorable to the government. See e.g., United States v. Teves, 2013 WL 12212918, at *1 (D. Hawaii 2013) (denying motion for judgment of acquittal without a hearing); United States v. Ong, 2012 WL 778617, at *1 (D. Hawaii,

2012) (same); United States v. Frost, 2006 WL 8430719, at *2 (D. Mont., 2006) (same).

## IV.   CONCLUSION

For the foregoing reasons, the government respectfully requests that this Court deny defendant's application, or, in the alternative, set a consolidated sentencing and judgment hearing for February 28, 2022 at 1:30 p.m.