```
TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
CHELSEA NORELL (Cal. Bar No. 280831)
LINDSAY M. BAILEY (Cal. Bar No. 285047)
Assistant United States Attorney
Violent & Organized Crimes; and General Crimes Sections
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2216/6875
     Facsimile: (213) 894-0141
     E-mail:    chelsea.norell@usdoj.gov
                lindsay.bailey@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 19-595-CAS |
|---|---|
| Plaintiff, | JOINT FILING OF POSITIONS REGARDING RULE 29 MOTION HEARING |
| v. | |
| EDWARD BUCK, | |
| Defendant. | |

United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Chelsea Norell and Lindsay M. Bailey, and defendant EDWARD BUCK ("defendant"), by and through his counsel of record, Mark Werksman and Elizabeth Little of Werksman, Jackson, & Quinn LLP, hereby submit their respective

//

//

positions regarding the Rule 29 hearing date, as requested by the Court.

Dated: January 18, 2022        Respectfully submitted,

                                          TRACY L. WILKISON
                                        United States Attorney

                                        SCOTT M. GARRINGER
                                        Assistant United States Attorney
                                        Chief, Criminal Division
                                        Assistant United States Attorneys

                                        */s/Chelsea Norell*
                                        _____
                                        CHELSEA NORELL
                                        LINDSAY BAILEY
                                        Attorneys for Plaintiff
                                        UNITED STATES OF AMERICA

Dated: January 18, 2022

                                        */s/with email authorization*
                                        MARK WERKSMAN
                                        ELIZABETH LITTLE
                                        Attorneys for Defendant
                                        EDWARD BUCK

**DEFENDANT'S POSITION**

## I. INTRODUCTION

Defendant Edward Buck respectfully requests that the hearing on the Motion for Judgment of Acquittal Pursuant to Rule 29 ("Motion for Judgment of Acquittal") in this matter, which is currently set for February 14, 2022 at 1:30 p.m., be continued to, March 29, 2022 at 1:30 p.m. (or some date thereafter convenient to the Court and parties to this action); and that the sentencing hearing, which is currently set for April 14, 2022 at 2:30 p.m. be continued to May 19, 2022 at 2:30 p.m., (or some date thereafter), because the trial transcripts in this case will not be produced to the defense until January 24, 2022, at the earliest. Mr. Buck is facing a life sentence. In order to effectively represent Mr. Buck at the hearing on the Motion for Judgment of Acquittal and the sentencing hearing, the defense needs a reasonable amount of time to familiarize itself with the facts of the case by reviewing the reporter's transcripts, which are voluminous as the trial spanned nine days; prepare any supplemental points and authorities in support of the Motion for Judgment of Acquittal; brief its position for sentencing with the benefit of understanding of the facts as adduced at trial; and prepare for oral argument.

## II. ARGUMENT

"The decision to grant or deny a request for a continuance lies within the broad discretion of the district court and will not be disturbed on appeal absent clear abuse of that discretion." United States v. Flynt, 756 F.2d 1352, 1358-59, amended on other grounds 764 F.2d 6756 (9th Cir. 1985). The district court should consider the following factors when determining whether to grant or deny a

continuance: (1) the diligence of the requesting party to ready his defense prior to the date set for hearing; (2) how likely it is that the need for a continuance could be met if the continuance is granted; (3) the extent to which granting the continuance would inconvenience the Court and opposing party, including any witnesses; and (4) the extent to which the requesting party might suffer harm as a result of a denial of the request. United States v. Kloehn, 620 F.3d 1122, 1127 (9th Cir. 2010) (citing Flynt, supra, 756 F.2d at 1358-59.)

Good cause exists for a continuance of the hearing on the Motion for Judgment of Acquittal and sentencing hearing. First, through no fault of the parties, the court reporter assigned to this case has indicated that she will be unable to produce trial transcripts in this case until January 24, 2022, *at the earliest*. If the transcripts are not completed and produced until late January, defense counsel will not have sufficient time to review the lengthy transcripts, file any supplemental briefing in support of the Motion for Judgment of Acquittal as appropriate, prepare its sentencing position papers, and prepare oral argument for the hearings as scheduled. Moreover, a continuance of the sentencing hearing is necessary because the Court may very well make findings at the Rule 29 hearing that change the character of the sentencing hearing.

Second, assuming the transcripts are produced by January 24, 2022, as anticipated, the requested continuance will give defense counsel adequate time to familiarize themselves with the facts of the case, file any necessary supplemental pleadings, prepare its sentencing position papers, and prepare for oral argument in this case. Thus, the need for a continuance (i.e. to provide newly-

retained defense counsel sufficient time to prepare for the hearing and effectively represent Mr. Buck) will be met if the request for a continuance is granted. Third, any inconvenience to the Court and opposing party will be minimal. There are no witnesses that will need to appear for purposes of argument on the Motion for Judgment of Acquittal. The defense is only asking for a one-month continuance of the sentencing hearing from the previously agreed upon date in order to adequately prepare and effectively represent Mr. Buck at the sentencing hearing.  Mr. Buck is facing a life sentence, and defense counsel needs to time to brief its sentencing position with the benefit of understanding the facts as adduced at trial. A one-month delay of the sentencing hearing will not prejudice opposing counsel in any meaningful way. Fourth, a denial of Mr. Buck's request for a continuance would cause him to suffer extreme harm. Newly-retained counsel is completely unfamiliar with the facts of this case as they were adduced at trial.  Thus, defense counsel cannot effectively represent Mr. Buck at the hearing on the Motion for Judgment of Acquittal and prepare for his sentencing hearing unless defense counsel has had sufficient time to review the trial transcripts in this case and brief the issues before the Court.

**III.   CONCLUSION**

For the foregoing reasons, Mr. Buck respectfully requests that this Court continue the hearing on the Motion for Judgment of Acquittal from February 14, 2022, at 1:30 p.m. to, March 29, 2022, at 1:30 p.m.; and continue the sentencing hearing from April 14, 2022, at 2:30 p.m. to May 19, 2022, at 2:30 p.m.

**DECLARATION OF MARK J. WERKSMAN**

I, Mark J. Werksman, Esq., declare as follows:

1. I make this declaration from personal knowledge and if called as a witness I could and would competently testify to the facts set forth herein.

2. Mr. Buck was found guilty, following a nine-day jury trial, ending on July 30, 2021, of two counts of Distributing a Controlled Substance Resulting in Death in violation of 21 U.S.C. section 841(a)(1), (b)(1)(c) (Counts One and Two); four counts of Distributing a Controlled Substance in violation of 21 U.S.C. section 841(a)(1), (b)(1)(c) (Count Three through Six); a single count of Using and Maintaining a Residence for the Purpose of Distributing and Using a Controlled Substance in violation of 21 U.S.C. section 856(a)(1) (Count Seven); two counts of Persuading, Inducing, or Enticing a Person to Travel in Interstate Commerce to Engage in Prostitution in violation of 18 U.S.C. section 2422, subd. (a) (Counts Eight and Nine).

3. On August 3, 2021, Mr. Buck's prior counsel timely filed a Notice of Motion and Motion for Judgment of Acquittal Pursuant to Fed. R. of Crim. Pro 29(a) ("Rule 29 Motion").

4. On September 23, 2021, I substituted in as counsel of record for Mr. Buck.

5. On September 28, 2021, this Court continued the hearing on Defendant's Rule 29 Motion from October 18, 2021, at 11:30 a.m. to December 13, 2021, at 1:00 p.m., so that I could have sufficient time to review the trial transcripts, prepare any

      supplemental authorities in support of defendant's Rule 29 Motion, and prepare for oral argument.

6. On November 8, 2021, this Court continued the hearing on Defendant's Motion for Judgment of Acquittal to February 14, 2022, at 1:30 p.m., and the sentencing hearing to April 4, 2022, at 2:30 p.m. The Court set these dates with the expectation that the transcripts would be completed by sometime in late November 2021. As a result of court reporter delays, the defense will not receive the transcripts until late January 2022. Given the two-month delay in the production of the transcripts, we are asking that the Court allow us the same amount of time previous allotted to prepare for these hearings.

7. In order for me to effectively and competently represent Mr. Buck at the hearing on the Rule 29 Motion and sentencing hearing, I need time to review the trial transcripts in this case, file any supplemental briefing in support of the Rule 29 Motion, prepare my sentencing position paper with the benefit of fully understanding the facts as adduced at trial, and to prepare to argue these matters.

8. I did not represent Mr. Buck at the trial in this matter. Thus, I am unfamiliar with the facts of this case as they came out at trial and need sufficient time to review the trial transcripts in order to effectively represent Mr. Buck at the hearing on the Rule 29 Motion and sentencing hearing, which, by necessity, require an understanding of the facts of the case. Given that the court reporters in this case will not be able to produce the trial transcripts in this case

        until January 24, 2022, at the earliest, I am asking for a continuance of the hearing on the Rule 29 Motion and sentencing hearing so that I can effectively represent Mr. Buck in these matters.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    Executed on this 18th day of January, 2022, in Los Angeles, CA:

    */s/with email authorization*

    Mark J. Werksman, Esq.

    Declarant

**GOVERNMENT'S POSITION**

Nearly six months ago, defendant was convicted by a jury of drug distribution resulting in death, drug distribution, human trafficking, and maintaining a drug premises. The Rule 29 motion was fully briefed in August 2021, and at the initial motion hearing, the Court stated its tentative decision to deny the motion, based on the substantial evidence presented at trial. The Rule 29 hearing was continued to October 2021, then December 2021, and then again to February 2022. When defense counsel reached out to the government in January 2022 regarding a fourth continuance, the government declined counsel's 60-day proposal, but agreed to a 30-day continuance in light of the delays regarding the trial transcripts. Defense counsel did not respond, but instead emailed the Court asking for a 60-day continuance. The Court instructed the parties to submit a joint filing with their respective positions.

There is no good cause to continue the Rule 29 hearing more than 30 days past the February 14, 2022 hearing date. The Court has advised the parties that the remaining trial transcripts will be available the week of January 24, 2022. There are only <u>six</u> days of trial transcripts outstanding (days 2-4, 6-8). Even if counsel does not receive the transcripts until the end of the week of January 24, 2022, that still gives them <u>46 days</u> to review six days of trial transcripts. That is more than adequate time for any counsel, and particularly for a law firm with the size, resources, and experience of Werksman, Jackson, & Quinn LLP. It is clear from defense counsel's emails to the Court and their position above that they seek additional time to re-brief the Rule 29 motion with a "supplement." That is improper and cannot be a basis for a longer continuance. <u>See</u>

United States v. Campa, 459 F.3d 1121, 1154 (11th Cir. 2006) (affirming district court's declination to consider a "renewed" motion for a new trial, reasoning "[w]e will not permit . . . the defendant to take a second . . . 'bite at the apple'").

Moreover, defense counsel's preference for more than 46 days to review the remaining transcripts does not override the victims' rights to a resolution without unreasonable delay and timely restitution guaranteed by the Crime Victims' Rights Act. 18 U.S.C. § 3771(a)(6), (7). Nor does it override the government's "significant interest in the finality of the verdict and in getting [defendant] sentenced." See generally United States v. Sabir, 628 F. Supp. 2d 414, 417 (S.D.N.Y. 2007) (motions under Rule 29 and 33 "untimely" because defendant did not file motions "until nearly three months after the verdict" and noting prejudice to the government due to the "likelihood of trial witnesses[] becoming unavailable"), aff'd in part sub nom. United States v. Farhane, 634 F.3d 127 (2d Cir. 2011). The victims and the government have waited 175 days since the jury found defendant guilty on all counts; extended, unjustified delays will unduly prejudice both.

Finally, any delay in the trial transcripts does not present good cause for delaying sentencing. Defense counsel has had more than four months to prepare for sentencing and still has more than ten weeks additional weeks to prepare. (See Dkt. 186 (showing that defendant signed the substitution of counsel form on September 8, 2021).) The trial testimony has little, if anything, to do with sentencing, particularly since defendant did not testify. In any event, counsel will have the remaining transcripts well in advance of sentencing, and thus the transcript delay is not a good cause basis

for continuing the sentencing hearing.  Conversely, continuing the sentencing date will prejudice the victims and family members who have a right to be heard at defendant's sentencing, and who have to travel across the country, arrange childcare, and request time off work to attend.

      For the foregoing reasons, the government respectfully requests that the Court continue the Rule 29 Motion hearing to a date no later than March 14, 2022, and that the Court decline defendant's request to move the sentencing date.