**Michael P. Denea (AZ 014768)**
*Pro Hac Vice*
Attorney for Movant/Petitioner
Michael P. Denea, PLC
P.O. Box 1095
Avondale, Arizona 85323
Telephone: 602-794-4480
Facsimile: 602-794-4481
Email: mpd@mpdlawfirm.net

**Irwin Mark Bledstein (CA Bar No. 47482)**
Designated Resident California Counsel
Bledstein and Koppekin, LLP
15915 Ventura Boulevard, Suite 203
Encino, California 91436
Telephone: 818-995-0801
Facsimile: 818-981-6098
Email: imblaw@imblaw.la

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR No. 2:19-cr-00595-CAS |
| Plaintiff, | |
| v. | **MOTION TO DETERMINE COMPETENCY AND TO STAY POST CONVICTION PROCEEDINGS PENDING DETERMINATION** |
| EDWARD BUCK, | |
| Defendant. | (The Honorable Christina Snyder) |

Movant/Petitioner Edward Buck, by and through undersigned counsel, respectfully moves this Court for a determination of competency in connection with post-conviction proceedings under 28 U.S.C. § 2255, and for a stay of proceedings pending that determination. This motion is brought to ensure the

1

integrity of the proceedings and to protect Mr. Buck's due-process rights before further litigation occurs.

This motion is based on a forensic psychiatric evaluation concluding that Mr. Buck presently lacks the capacity to cooperate meaningfully with counsel, corroborative proceedings in related litigation raising the same concern, counsel's ongoing inability to obtain rational assistance necessary to proceed, and recent communications reflecting impaired judgment consistent with the documented psychiatric findings.

## I. PROCEDURAL POSTURE

Mr. Buck is serving a federal sentence following convictions that were affirmed on direct appeal. Post-conviction relief under 28 U.S.C. § 2255 is pending. Meaningful participation by the petitioner is necessary to evaluate potential claims, make informed strategic decisions, and allow counsel to proceed ethically and effectively.

Counsel has reached a point at which further litigation cannot responsibly proceed without a determination of Mr. Buck's competency. Absent such a determination, there is a substantial risk of prejudice to Mr. Buck and impairment of the integrity of the post-conviction process.

## II. LEGAL STANDARD

MICHAEL P. DENEA, PLC
PO BOX 1095
AVONDALE, ARIZONA 85323
602 794-4480

2

MICHAEL P. DENEA, PLC
PO BOX 1095
AVONDALE, ARIZONA 85323
602 794-4480

Although 28 U.S.C. § 2255 does not expressly set forth a procedure for determining competency, federal courts possess inherent authority to manage post-conviction proceedings and to ensure that litigants are competent to participate meaningfully. Courts routinely look to the framework set forth in 18 U.S.C. §§ 4241–4247 by analogy when evaluating whether a petitioner has:

- sufficient present ability to consult with counsel with a reasonable degree of rational understanding; and

- a rational and factual understanding of the proceedings.

Due process requires that post-conviction litigation not proceed where a petitioner lacks the present capacity to assist counsel in a meaningful and rational manner.

## III. FACTUAL BASIS FOR COMPETENCY CONCERNS

### A. Forensic Psychiatric Evaluation

Counsel obtained a forensic psychiatric evaluation dated July 14, 2025, authored by Robert M. Galatzer-Levy, M.D., a psychiatrist with extensive forensic experience. The evaluation was conducted for the specific purpose of assessing Mr. Buck's ability to cooperate with counsel in connection with post-conviction litigation.

Dr. Galatzer-Levy concluded, to a reasonable degree of medical and psychiatric certainty, that Mr. Buck:

- suffers from severe psychiatric disorders, including Complex Post-Traumatic Stress Disorder;

- has cognitive impairment and brain injury associated with long-term substance abuse;

- experiences significant exacerbation of psychiatric symptoms due to conditions of confinement; and

- is unable to cooperate with his attorneys.

The evaluation addresses Mr. Buck's functional capacity rather than diagnosis alone and concludes that he presently lacks the ability to meaningfully assist counsel in post-conviction proceedings.

**B. Corroborative Proceedings in Related Litigation**

In related civil litigation, counsel previously sought the appointment of a guardian ad litem based on substantially similar psychiatric findings and observations that Mr. Buck lacked the capacity to understand the nature and consequences of the proceedings or to assist counsel. That motion relied on a forensic evaluation and documented comparable functional impairments.

Although the legal standard governing appointment of a guardian ad litem differs from the standard applicable here, the filing demonstrates that competency concerns have existed across proceedings and were raised well before the present

MICHAEL P. DENEA, PLC
PO BOX 1095
AVONDALE, ARIZONA 85323
602 794-4480

4

motion. This history is provided solely as corroborative context and not as an independent basis for the relief requested.

## C. Ongoing Interactions and Recent Communications

In addition to the longstanding clinical concerns described above, counsel's ongoing interactions with Mr. Buck — including recent communications — further confirm impaired judgment and an inability to rationally consult with counsel regarding post-conviction proceedings. These communications reflect difficulty understanding the role of counsel, challenges engaging in reasoned decision-making, and an inability to participate meaningfully in the evaluation and development of post-conviction claims.

These observations are consistent with, and reinforce, the functional impairments identified in the forensic psychiatric evaluation and the corroborative history described above. They are referenced solely to demonstrate the persistence of competency concerns and not for the substance of any particular statement.

## IV. NECESSITY OF DETERMINATION AND STAY

Proceeding with post-conviction litigation while competency remains unresolved presents substantial risks, including unreliable decision-making, ethical concerns for counsel, and potential prejudice to Mr. Buck's rights. A stay pending determination of competency is necessary to preserve the integrity of the proceedings.

MICHAEL P. DENEA, PLC
PO BOX 1095
AVONDALE, ARIZONA 85323
602 794-4480

## V. REQUEST FOR EVALUATION AND APPROPRIATE PLACEMENT

Counsel respectfully requests that the Court order a competency evaluation pursuant to its inherent authority and by reference to the procedures set forth in 18 U.S.C. §§ 4241–4247 by analogy.

If, following evaluation, treatment or restoration services are deemed appropriate, counsel further requests that the Court authorize the Bureau of Prisons to determine appropriate placement consistent with statutory authority and medical judgment. Counsel does not request placement in any specific facility and defers to the Bureau of Prisons regarding designation if required.

## VI. RELIEF REQUESTED

For the foregoing reasons, Mr. Buck respectfully requests that the Court:

1. Determine that reasonable cause exists to believe Mr. Buck may be incompetent to proceed;

2. Order a competency evaluation pursuant to the procedures of 18 U.S.C. §§ 4241–4247 by analogy;

3. Stay post-conviction proceedings pending determination of competency; and

4. Authorize the Bureau of Prisons to determine appropriate placement if evaluation or treatment is ordered.

MICHAEL P. DENEA, PLC
PO BOX 1095
AVONDALE, ARIZONA 85323
602 794-4480

RESPECTFULLY SUBMITTED on January 30, 2026.

MICHAEL P. DENEA, PLC


*/s/Michael P. Denea*
Michael P. Denea (AZ 014768)
P.O. Box 1095
Avondale, Arizona 85323
*Attorney for Movant Edward Buck*
*Pro Hac Vice*

MICHAEL P. DENEA, PLC
PO Box 1095
AVONDALE, ARIZONA 85323
602 794-4480

7

**PROOF OF SERVICE**
**(C.D. Cal. – CM/ECF)**

I am employed in the County of Maricopa, State of Arizona. I am over the age of 18 and not a party to this action. My business address is P.O. Box 1095, Avondale, Arizona 85323.

On January 30, 2026, I served the foregoing document entitled MOTION TO DETERMINE COMPETENCY AND TO STAY POST CONVICTION PROCEEDINGS PENDING DETERMINATION including all attachments and exhibits, as follows:

I caused the foregoing document to be filed electronically with the United States District Court for the Central District of California using the CM/ECF system. Participants in the case who are registered CM/ECF users were served by the CM/ECF system via Notice of Electronic Filing.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 30, 2026, at Phoenix, Arizona.


/s/Eddie Khnanisho
Eddie Khnanisho
PO Box 1095
Avondale, Arizona 85323
Paralegal for Michael P. Denea, PLC

MICHAEL P. DENEA, PLC
PO Box 1095
AVONDALE, ARIZONA 85323
602 794-4480

8