TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
CHELSEA NORELL (Cal. Bar No. 280831)
Assistant United States Attorney
Major Crimes Section
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2624
    Facsimile: (213) 894-0141
    E-mail:    Chelsea.norell@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 19-595-CAS |
|---|---|
| Plaintiff, | GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO DETERMINE COMPETENCY AND TO STAY POST CONVICTION PROCEEDINGS PENDING DETERMINATION |
| v. | |
| EDWARD BUCK, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the First Assistant United States Attorney for the Central District of California and Assistant United States Attorney Chelsea Norell, hereby files its Opposition to Defendant's Motion to Determine Competency and to Stay Post Conviction Proceedings Pending Determination.

This Opposition is based upon the attached memorandum of points

//

and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: February 4, 2026            Respectfully submitted,

                                   TODD BLANCHE
                                   Deputy Attorney General
                                   BILAL A. ESSAYLI
                                   First Assistant United States
                                   Attorney

                                   ALEXANDER B. SCHWAB
                                   Assistant United States Attorney
                                   Acting Chief, Criminal Division


                                   _____/s/_____
                                   CHELSEA NORELL
                                   Assistant United States Attorney

                                   Attorneys for Plaintiff
                                   UNITED STATES OF AMERICA

2

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant's request for a competency exam and stay is not supported by the law or the equities.

First, there is no statutory right to competence during habeas proceedings in 18 U.S.C. § 4241. <u>Ryan v. Gonzales</u>, 568 U.S. 57, 71-72 (2013). As the Supreme Court recognized, "§ 4241 does not even apply to such proceedings." <u>Id.</u> "By its own terms, § 4241 applies only to trial proceedings prior to sentencing and 'at any time after the commencement of probation or supervised release.' Federal habeas proceedings, however, commence after sentencing, and federal habeas petitioners, by definition, are incarcerated, not on probation." <u>Id.</u> at 72. Thus, they are expressly excluded from § 4241(a), which provides:

**(a) Motion to determine competency of defendant.**--At any time after the commencement of a prosecution for an offense and <u>prior to the sentencing of the defendant, or at any time after the commencement of probation or supervised release and prior to the completion of the sentence</u>, the defendant or the attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant. The court shall grant the motion, or shall order such a hearing on its own motion, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

18 U.S.C. § 4241(a) (emphasis added).

Furthermore, competency exams are designed to protect a defendant's right to <u>defend</u> himself in a proceeding <u>against</u> him, not to ensure his participation in an affirmative civil claim. As the Supreme Court noted, "§ 4241(a) authorizes the district court to grant a motion for a competency determination if there is reasonable cause to believe that the defendant's mental incompetence renders him

'unable to understand the nature and consequences of the <u>proceedings</u> <u>against him</u> or to assist properly in his <u>defense</u>.'" <u>Ryan</u>, 568 U.S. at 72-73 (citing "§ 4241(d)). However, a federal habeas proceeding is not a "proceeding against" the habeas petitioner; rather, it is a civil action to collaterally attack a criminal conviction or sentence. <u>See</u> <u>id.</u> (noting that a habeas proceeding under § 2254 is not a "proceeding against" the petitioner, but is a "civil action against the warden of the state prison"); 28 U.S.C. § 2255. "And, a federal habeas petitioner does not mount a 'defense' to the government's prosecution. Rather, the petitioner collaterally attacks his conviction" at an earlier trial. <u>Ryan</u>, 568 U.S. at 73.

Second, the Court should not invoke its inherent power to stay the proceedings and conduct a mental competency exam at a stage that is deliberately excluded from the competency exam statute. That is because review of habeas petitions is limited to the factual record – and "counsel can read the record," irrespective of defendant's competence. <u>Id.</u> at 74-75. Analyzing § 2254 – the state court conviction counterpart to § 2255 – the Supreme Court reasoned, "because federal habeas is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal, the types of errors redressable under § 2254(d) should be apparent from the record." <u>Id.</u> (internal citations omitted). The same is true for § 2255 claims. Any error can and should be apparent from the record. Indeed, defendant has <u>already</u> filed a § 2255 motion (Dkt. 328), and counsel does not explain how, if at all, counsel needed defendant's assistance to prepare the motion. Moreover, the time to have raised such a claim was before filing the § 2255 motion, not after. Finally, defendant

2

already exhausted the "ordinary error correction" process of a direct appeal, and there is no claim that defendant couldn't meaningfully participate in his appeal.  His convictions were upheld.  (Dkt. 322.) The government and victims in this case have a strong interest against "dragging out indefinitely" defendant's federal habeas review with a stay or competency evaluation that is not authorized by law. Ryan, 568 U.S. at 76.

For these reasons, defendant's motion for a competency evaluation should be denied.

3